UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL
COUNCIL OF CARPENTERS' EMPLOYEE
BENEFITS FUND, ET AL.,

Case No. 05-71502

Honorable Nancy G. Edmunds

      Plaintiffs,

v.

DAVMAR, INC., and DAVID R. TEPER,

      Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [13]

    Plaintiffs filed this action against Defendants Davmar, Inc. and David R. Teper, seeking delinquent fringe benefit contributions and alleging violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, the Michigan Building Contract Fund Act, Mich. Comp. Laws Ann. § 570.151 *et seq.*, and for breach of fiduciary duties. At a hearing held on January 11, 2006, this matter came before the Court on Plaintiffs' motion for summary judgment. Plaintiffs want a judgment against both Corporate Defendant, Davmar, Inc., and Individual Defendant, David Teper, jointly and severally, in the amount of $22,573.38, in addition to liquidated damages, accumulated interest, audit costs, court costs and reasonable attorney fees. For the reasons stated below, Plaintiffs' motion is DENIED WITHOUT PREJUDICE, allowing Plaintiffs to bring another motion for summary judgment with the proper documentation.

**I.    Facts**

Corporate Defendant agreed to be bound to the terms and conditions of a collective bargaining agreement and Plaintiff Funds' Trust Agreement, including a provision requiring it to make timely employee fringe benefit contributions to Plaintiff Funds and to submit to an audit of its payroll records.  (Pls.' Ex. 1, Supp. Agreement; Ex. 2, Michigan Regional Council of Carpenters Fringe Benefit Funds.)  Corporate Defendant admits that it failed to pay all of the fringe benefit contributions owed Plaintiff Funds on work performed by Fund participants on various construction projects in the State of Michigan.  (Am. Ans. ¶¶ 13, 19.)  Individual Defendant, David Teper, admits that he is the owner, president and resident agent of Corporate Defendant.  (Am. Ans. ¶ 4.)  Individual Defendant denies, however, that he is a fiduciary or trustee for Plaintiff Funds' participants or that he failed to pay over to Plaintiff Funds money held in trust.  (Am. Ans. ¶¶ 15-16.)  He likewise denies that he (1) personally exercised authority and control over Corporate Defendant's unpaid fringe benefit contributions or assets of Plaintiff Funds, (2) is a plan fiduciary, (3) directed that Corporate Defendant's assets owed to Plaintiff Funds be paid to other creditors instead of being deposited with Plaintiff Funds, (3) failed to discharge any fiduciary duties, and (4) is thus personally liable to Plaintiff Funds.

An audit of Defendant Davmar, Inc. (Corporate Defendant) was conducted on March 22, 2005 for the period of January 2001 through September 2003.  The audit indicates $14,419.20 in delinquent fringe benefit contributions for this time period, $5,469.42 in interest, $2,654.02 in audit liquidated damages, and $30.90 in liquidated damages resulting from late payments, for a total of $22,573.38.  (Pls.' Ex. 3.)

## II.     Standard for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III. Analysis

#### A. Liability of Corporate Defendant Under ERISA

ERISA requires a contributing employer to make contributions to an employee welfare benefit plan in accordance with the terms of the plan to which it is bound. *Id.* § 1145. ERISA also requires that "every employer shall . . . maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." *Id.* § 1059(a)(1). ERISA, Section 502(g)(2), 29 U.S.C. § 1132(g)(2), authorizes Plaintiffs to seek:

(1) recovery of all unpaid fringe benefit contributions,

(2) interest on those unpaid contributions,

(3) an amount equal to the greater of that interest amount or liquidated damages provided for under the plan (not to exceed 20 percent of the unpaid contributions),

(4) reasonable attorney's fees and costs of the action; and

(5) such other legal or equitable relief the court finds appropriate.

Plaintiffs' March 22, 2005 audit disclosed:

(1) $14,419.04 in unpaid fringe benefit contributions;

(2) $5,469.42 in interest ("calculated at the rate of .049% per day for each day that a delinquent amount disclosed by the audit was originally due, until it is paid");

(3) $2,654.02 in audit liquidated damages (calculated at "0.55%, per day, for each day that a delinquent amount disclosed by the audit was originally due, until it is paid, up to a maximum of 20%");[1] and

---

[1] Plaintiffs argue in their brief that the are entitled to a judgment for liquidated damages, equal to ten (10%) percent of delinquent fringe benefit contributions, and interest at the rate

4

(4) $30.90 in liquidated damages resulting from late payments;

for a total of $22,573.38.

Corporate Defendant disputes the amount Plaintiffs' claim is owed as delinquent fringe benefit contributions, arguing that a portion of the audited amount was for "bonuses" and not wages. (Defs.' Resp., David Teper Aff.)  (Pls.' Ex. 4-7, Affidavits of employees of Corporate Defendant during the audited time period attesting to the fact that amounts designated as "bonus" were in fact tied to the number of hours worked and were understood to be part of each employee's hourly wage earned that week.)  Accordingly, a genuine issue of material fact exists concerning the $14,419.04 amount shown in the audit to be owing for delinquent fringe benefit contributions.  (Pls.' Ex. 3.)  Plaintiffs' request for a judgment also fails to acknowledge that liquidated damages and interest are already provided in the $22,573.38 audit amount.  Moreover, although Plaintiffs seek to recover audit costs, court costs, and reasonable attorney's fees, they fail to provide the Court with any supporting documentation showing what costs were incurred or an affidavit from their attorney allowing the Court to determine "reasonable" attorney fees incurred in this matter. Accordingly, Plaintiffs' motion for summary judgment as to the Corporate Defendant is DENIED.

### B. Individual Defendant's Liability

Plaintiffs also seek a judgment in the amount of $22,573.38 against Individual Defendant, David Teper.  Plaintiffs' motion as to Defendant Teper is DENIED.  Plaintiffs

---

of two (2%) percent per month on contributions more than 60 days late.  (Br. at 6.)  They provide no support for these percentages and do not explain whether the audit uses these percentages when calculating liquidated damages and interest.

5

present no evidence that Defendant Teper exercised discretion and control over the monies owned to Plaintiff Funds and thus have failed to establish that this Defendant breached a fiduciary duty or can be held personally liable under the Michigan Building Contract Fund Act.  Unlike the individual defendant in *Operating Engineers' Local 324 Fringe Benefit Funds v. Nicolas Equip., L.L.C.*, 353 F. Supp.2d 851, 853 (E.D. Mich. 2004), Defendant Teper has not made the sort of admissions that are sufficient to establish that he is personally liable for unpaid fringe benefit contributions, interest, and liquidated damages for the period of January 2001 to September 2003.

### IV. Conclusion

For the above-stated reasons, Plaintiffs' motion for summary judgment is DENIED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  February 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2006, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager